UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

GEORGE MARTINEZ,

Defendant.
----------------------------------------------------------------X

D/F

MEMORANDUM & ORDER

03-CR-1049-2 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant George Martinez's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence ("Def.'s Mot.") (Dkt. 274).) For the reasons discussed below, Defendant's motion is GRANTED.

I. BACKGROUND

On December 12, 2003, the Government filed a superseding indictment charging Defendant with one count of conspiracy to distribute and possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846. (Superseding Indictment (S-2) (Dkt. 48).) On March 18, 2005, Defendant pleaded guilty to this charge. (Mar. 18, 2005, Min. Entry (Dkt. 126).) On June 20, 2006, the court sentenced Defendant to a 210-month term of imprisonment, a five-year term of supervised release, and a special assessment of $100.[1] (J. (Dkt. 233).)

In calculating Defendant's sentence, the court relied on a sentencing agreement entered into by the Government and Defendant. (See Def.'s Mot. at 1.) Pursuant to that agreement, the parties stipulated that under the U.S. Sentencing Guidelines (the "Guidelines"), Defendant's base offense level was 38, based on Defendant's participation in a conspiracy to distribute 30

---

[1] The court also issued an Order of Forfeiture with respect to $597,595.00 in United States currency, representing proceeds traceable to the offense of conviction. (Mar. 6, 2006, Order of Forfeiture (Dkt. 233-2); see also July 26, 2006, Final Order of Forfeiture (Dkt. 246).)

1

kilograms or more of heroin. (See May 26, 2006, Gov't Ltr. (Dkt. 222) at 1; June 14, 2006, Def. Ltr. (Dkt. 229) at 2.) See U.S.S.G. § 2D1.1(c)(1) (2005). Having made adjustments for Defendant's supervisory role in the conspiracy, id. § 3B1.1(b); Defendant's acceptance of responsibility, id. § 3E1.1(a), (b); and Defendant's role in the Government's global plea offer, see United States v. Garcia, 926 F.2d 125 (2d Cir. 1991); the parties agreed that Defendant's total offense level was 37. (See May 26, 2006, Gov't Ltr. at 1; June 14, 2006, Def. Ltr. at 2.) Since Defendant was in criminal history Category I, the parties stipulated that the Guidelines recommendation was 210 to 262 months' imprisonment. (See May 26, 2006, Gov't Ltr. at 2; June 14, 2006, Def. Ltr. at 2.) See U.S.S.G. § 5A (2005) (Sentencing Table). After taking into account the sentencing factors set forth by 18 U.S.C. § 3553(a), the court's sentence of 210 months' imprisonment represented the bottom of the Guidelines range. (See Def.'s Mot. at 1.)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a

2

defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis, to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the

3

history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

### III. APPLICATION

Defendant argues that in light of Amendment 782's changes to the Drug Quantity Table, his total offense level is now 35 (a two-point reduction from his prior total offense level), which corresponds to an applicable Guideline range of 168-210 months' imprisonment. (Def.'s Mot. at 1.) The Government agrees that Defendant is eligible for resentencing. (See Resp. to Mot. to Reduce Sentence (Dkt. 278) at 3.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846, to which he pleaded guilty, was based on the Drug Quantity Table in effect at the time. (See May 26, 2006, Gov't Ltr. at 1; June 14, 2006, Def. Ltr. at 2.) Therefore, Amendment 782 applies to Defendant. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2006, see id. § 1B1.10(b)(1), his total offense level would have been 35 (not 37), see id. § 2D1.1(c)(2), and the Guideline range for his sentence would have been 168-210 months' imprisonment (not 210-262 months), see id. § 5A (Sentencing Table).

4

Next, pursuant to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. Under the Guidelines, the court is authorized to reduce Defendant's sentence by up to 42 months, from 210 months to as low as 168 months—the minimum under the amended Guideline range, see id. § 1B1.10(b)(2)(A). Having considered Defendant's submission—which includes Defendant's extensive educational record in prison—and in light of the Government's consent to limited resentencing, the court finds that a reduction in sentence is warranted. As the court noted at sentencing, while the Defendant committed a serious crime through his participation in a complex and violent criminal enterprise, he expressed sincere remorse for his role in that crime, and demonstrated the potential for making positive changes that could lead him to a productive, law-abiding life. (See Def.'s Mot. at 2.) Defendant's record of behavior in prison is encouraging, particularly his extensive coursework and his transfer to a minimum security prison camp at the U.S. Penitentiary in Lewisburg, Pennsylvania. (See id. at 3.) Finally, the evidence that Defendant would present a danger to the public is minimal. (See id.)

In short, upon review of the § 3553(a) factors, the court finds that a reduction in sentence is warranted. Moreover, for the same reasons that a sentence at the bottom of the Guidelines range was appropriate when Defendant was initially sentenced in 2006, a sentence of 168 months, representing the bottom of the amended Guidelines range, is appropriate here. (See Def.'s Mot. at 3.) With respect to Defendant's eligibility for participation in any re-entry programs or transitional services, the court defers to the professional judgment of the Bureau of Prisons. (See May 12, 2015, Def. Ltr. (Dkt. 279).)

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 168 months, with an effective date of November 1, 2015. The court does not alter any other portion of the June 28, 2006, Judgment (Dkt. 233), including the five-year term of supervised release, the conditions of supervised release,[2] the $100 special assessment, and the Final Order of Forfeiture (Dkt. 246).

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] For example, as a condition of supervised release, Defendant is required to participate in a substance-abuse treatment program. (See J. (Dkt. 233) at 4.) Before Defendant commences his supervised release, the Probation Department shall file an application with the court, in writing and on notice to Defendant, regarding whether it recommends that Defendant participate in an outpatient or residential treatment program, and the basis for that recommendation. See United States v. Matta, 777 F.3d 116, 123 (2d Cir. 2015) (holding determination as to whether defendant must participate in residential treatment must be imposed by the district court and "supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing" (citation and internal quotation marks omitted)). Defendant may object to the application or may consent to the recommendation and waive the right to file a response.